*HHW*

FILED

6 -11- 2008

JUN 1 1 2008  NR

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT, ILLINOIS EASTER DIVISION

| | |
|---|---|
| David Alyn Cohen and Derek C. Lurie | ) |
| | ) |
| v. | ) 08CV 3375 |
| | ) JUDGE MANNING |
| Docudent USA, Inc. | ) MAGISTRATE JUDGE MASON |
| | ) |
| In re: Petition to Compel Arbitration | ) |
| | ) |

## PETITION TO COMPEL ARBITRATION

Petitioners, David Alyn Cohen and Derek C. Lurie, by and through their attorney, Robert

D. Sweeney, submit this Petition to Compel Arbitration directed at Docudent USA, Inc., and in

support thereof, state as follows:

### PARTIES

1. Petitioners, David Alyn Cohen and Derek C. Lurie, are residents of Cook County,

   Illinois.

2. Respondent, Docudent USA, Inc., is a California corporation doing business in

   Illinois.

### JURISDICTION

3. This Court has jurisdiction of this action under 28 U.S.C. § 1332, as the parties

   are diverse and the amount in controversy exceeds $75,000.00

### VENUE

4. Venue is proper in this Court as all negotiations surrounding the formation of the

   Contract at issue and the acts which gave rise to the cause of action have occurred

   in Illinois.

## STATEMENT OF FACTS

5. On or about November 10, 2004, Petitioners and Respondent entered into a Independent Contractor Sales Agreement attached hereto as Ex. A.

6. As part of that Agreement Petitioners were to market and sell Docudent's products here in Illinois, and were to receive a commission of 25% of the gross sales price on sales procured by Petitioners.

7. Petitioners invested substantial time and effort into marketing Docudent's products here in Illinois to multiple insurance companies, such as Allstate Insurance, Inc. and State Farm Insurance, Inc., among others.

8. Petitioners have never been compensated for being the procuring cause on any of the resulting contracts/orders formed/placed by the Illinois insurers, or others.

9. Petitioners have demanded that Docudent open its books to permit Petitioners to determine the precise amount they are owed under their Agreement. See Correspondence dated February 29, 2008 attached as Ex. B.

10. Docudent, Inc. has refused to honor the Agreement or submit to arbitration. See March 12, 2008 correspondence from Docudent, Inc. attached as Ex. C.

11. Petitioners again requested that Docudent, Inc. execute the submission agreement for Arbitration regardless of disagreements that may exist relative to the underlying claims, but Docudent, Inc. refuses to respond. See March 26, 2008 correspondence attached hereto as Ex. D.

## STATUTORY BASIS TO COMPEL ARBITRATION

12. At all relevant times there has been in effect certain provisions of the Federal Arbitration Act, specifically 9 U.S.C.A. § 4, which provides in relevant part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

13. The Agreement between the parties specifically states in paragraph 7:

Except as provided in subparagraph 6(b), any controversy or claim arising out of or relating to this Agreement of the breach thereof shall be settled by arbitration, and any decision made in accordance with such rules shall be binding upon the parties in interest, and judgment upon any award may be entered in any court having jurisdiction.

14. Docudent has refused to respond to all attempts by Petitioner to proceed with

arbitration.

WHEREFORE, Petitioners, David Alyn Cohen and Derek C. Lurie, hereby request that this

Honorable Court enter an order compelling the arbitration of the underlying dispute between the

parties, that it proceed before the American Arbitration Association in Chicago, Illinois, and any

and all further relief the Court deems fair and just.

Respectfully submitted,

David Alyn Cohen and Derek C. Lurie

Robert D. Sweeney

Robert D. Sweeney (6238209)
RDS LAW
111 West Washington, Ste. 1160
Chicago, IL 60602
312-384-1255

## Certificate of Service

I, Robert D. Sweeney, certify that I served Petition to Compel Arbitration upon the counsel for Docudent, Inc., Ryan Golds, Esq., and Docudent, Inc. by placing copies of the same with Federal Express for overnight delivery before 5:00 p.m. on June 11, 2008.

Ryan Golds, Esq.
5210 Lewis Rd.
Suite 5
Agura Hills, CA  91301

Etyan Moldan
Docudent, Inc.
920 Formosa Avenue
Los Angeles, CA  90046

_____
Robert D. Sweeney

A

## INDEPENDENT CONTRACTOR SALES AGREEMENT

THIS AGREEMENT is made and entered into as of this __10__ day of November, 2004, between Docudent USA, Inc., an California corporation ("Company"), and DEREK LURIE and DAVID COHEN ("Contractors").

**WHEREAS,** Company wishes to engage Contractors to perform certain services for the Company; and

**WHEREAS,** Contractors are willing to perform such services as more fully set forth herein.

**NOW, THEREFORE,** in consideration of the premises and of the terms, covenants and conditions recited herein, the parties hereto agree as follows:

1. **Services.**

    (a)     The Company agrees to contract with the Contractors and the Contractors agree to provide certain services to the Company as the Company and the Contractors from time to time agree. Such services shall include, but not be limited to, Representing and Selling the product known as Docudent, hereinafter referred to as "the Product";:

    (b)     Contractors shall perform these services as an independent contractor and not as an employee. Contractors shall devote such time to their performance of services under this Agreement as they determine necessary in their sole discretion. The Company shall report all compensation earned by the Contractor without regard to withholding and shall provide the Contractors on an annual basis with such tax reporting information as is commensurate with an independent contractor's status. Contractors shall be responsible for their own taxes and shall include compensation in their income in the tax year to which the expense relates. The Company and the Contractors acknowledge and agree their relationship is not one of employer and employee, and Contractors shall have no right or authority to enter into any contract, agreement or undertaking on behalf of the Company.

    (c)     Subject only to the other provisions of this Agreement, Contractors may engage in such other business activities as they, in their sole discretion, may determine.

    (d)     Nothing in this Agreement grants Contractors any authority to direct or control the trading activity of Company and Contractors may not execute transactions in Company's account or for the benefit of the Company.

2.    **Payment.**

Contractors shall be paid a commission equal to twenty-five percent (25%) of the gross sales price on sales procured by Contractors. Gross sales shall mean the sales price, excluding sales tax, insurance and shipping. Within ten (10) days of the end of each calendar month, Company shall pay the Contractors the amount of commissions due. The Company shall furnish a schedule of all gross sales and calculations of amount due.

3.    **Term and Termination.**

This Agreement shall be for a term of five (5) years but shall terminate immediately upon the death of any Contractors. In the event of termination of the Agreement, Contractors shall be entitled to receive (subject to any right of set-off or counterclaim by the Company) a) all amounts which have accrued prior to termination; and b) All commissions on customers as of the date of termination generated or procured by Contractors at the rate set forth in the Agreement.

4.    **Expenses.**

Subject to written prior approval, the Company will reimburse the Contractors for any expenses incurred by Contractors in the performance of services.

5.    **Non-Disclosure of Trade Secrets and Other Information.**

Contractors acknowledge that, from time to time, they may receive confidential and/or trade secret information in connection with their responsibilities. Contractors agree, during the term of this Agreement or at any time thereafter, not to use or divulge to others any secret or confidential information, knowledge, or data of the Company. The terms 'secret' and 'confidential' shall include all unpublished information and all information and data known to some but not to all members of the trade or industry to whom such information or data would be in any manner useful.

All memoranda, notes, records, or other documents made or compiled by the Company, or made available to the Contractors in connection with this Agreement, are Company's property, and all copies thereof shall be delivered to the Company on termination of the Contractors' engagement or at any other time upon the request of the Company.

6.    **Restrictive Covenant.**

(a)    **Non-Competition.** Contractors agree that, so long as this Agreement is in effect, they will not, directly or indirectly, as sole proprietors, members of a

F:\wpdocs\3593\8846/00043816.WPD; 3                    2

partnership, stockholders, investors, officers or directors of a corporation, or as employees, agents, associates or consultants of any person, partnership or corporation other than the Company or in any other capacity induce or attempt to persuade any employee or contractors of the Company or any of its affiliates to terminate an employment or contractor relationship in order to enter into any such relationship with such person or to enter into any such relationship on behalf of any other business organization in competition with the Company or any of its affiliates without the express approval of the Company. Contractors agree they will not, so long as the Agreement is in effect, directly or indirectly compete with the Company in the sale of any similar product as Docudent.

(b)    Injunctive Relief. Without limiting the right of the Company or any of its successors or permitted assigns to pursue all other legal and equitable rights available to them for violation of the covenants set forth in subparagraph 6(a), it is agreed that such other remedies cannot fully compensate the Company and its successors and assigns for such a violation and that the Company and its successors and assigns shall be entitled to injunctive relief to prevent violation or continuing violation hereof. It is the intent and understanding of each party that if, in any action before any court, exchange or agency legally empowered to enforce this covenant, any term, restriction, covenant or promise is found to be unreasonable and for that reason unenforceable, then such term, restriction, covenant or promise shall be deemed modified to the extent necessary to make it enforceable by such a court or agency.

## 7.    Arbitration.

Except as provided in subparagraph 6(b), any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration, and any decision made in accordance with such rules shall be binding on all parties in interest, and judgment upon any award rendered may be entered in any court having jurisdiction.

**8.    Waiver of Breach.**

The waiver by the Company of a breach of any provision of this Agreement by the Contractors shall not operate or be construed as a waiver of any subsequent breach by the Contractors.

**9.    Assignment.**

The rights and duties of a party hereunder shall not be assignable by that party, except that the Company may assign this Agreement, and all rights and obligations hereunder, to any entity which succeeds to all or substantially all of the business of the Company.

**10.    Binding Effect.**

This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors in interest, heirs and personal representatives.

**11.    Entire Agreement.**

This instrument contains the entire Agreement of the parties. It may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought.

**12.    Severability.**

If any provision of this Agreement shall be invalid or unenforceable, in whole or in part, such provision shall be deemed to be modified or restricted to the extent and in the manner necessary to render the same valid and enforceable, or shall be deemed excised from this Agreement, as the case may require, and this Agreement shall be construed and enforced to the maximum extent permitted by law as if such provision had been originally incorporated herein as so modified or restricted, or if such provision had not been originally incorporated herein, as the case may be.

**13.    Notices.**

All notices required or permitted to be given hereunder shall be in writing and shall be deemed to have been given when mailed by certified or registered mail, return receipt requested, or hand delivered, addressed to the intended recipient as follows:

If to the Contractors:

_[signature]_                                      _[signature]_

DEREK CLARK                                        DAVID COHEN

404 N. MAY ST                                      2025 W. RICE ST #3-W

Chicago, IL 60622                                  CHICAGO, IL 60622

If to the Company:

    Docudent USA, Inc.


    With copy to:
    Jason L. Wolin
    Wolin & Rosen, Ltd
    55 W. Monroe
    Suite 3600
    Chicago, IL 60603

Any party may from time to time change its address for the purpose of notice to that party by a similar notice specifying a new address, but no such change shall be deemed to have been given until it is actually received by the parties sought to be charged with its contents.

    14.    **Governing Law.**

    This Agreement is made in and shall be construed in accordance with and governed by the laws of the State of California.

    **IN WITNESS WHEREOF**, the parties have executed this Agreement as of the day and year first above written.


    By: _Eytan Moldovan_

    _[signature] Eytan Moldovan_

    CEO Docudent USA Inc.

**B**

# RDS LAW

ATTORNEYS AT LAW

111 W. Washington St.   Suite 1160   Chicago, Illinois 60602
phone: 312.384.1255   fax: 312.384.0600   www.rds-law.net

Robert D. Sweeney
direct: 312.384.1255
rsweeney@rds-law.net

February 29, 2008

**Via Federal Express**
Mr. Etyan Moldovan
DocuDent USA, Inc.
9021 Melrose Ave.
Suite 308
West Hollywood, CA  90069

> **Re:**  *Contract between Docudent USA, Inc. and David Alyn Cohen & Derek
> C. Lurie*
> *File No.:*      *225-001*

Dear Mr. Moldovan:

Please be advised that this firm represents David Alyn Cohen and Derek C. Lurie
relative to an Independent Contractor Sales Agreement entered into between Messers.
Lurie & Cohen, as the independent contractors, and Docudent USA, Inc., as the
Company. The Agreement is dated November 10, 2004. I have enclosed a copy for your
reference.

In accord with the Agreement my clients hereby demand payment for any and all
amounts they are due under paragraph 2 of said Contract. Messers. Lurie & Cohen were
the procuring cause of substantial sales, including but not limited to sales consummated
by Allstate Insurance Company.

Accordingly, please contact me by Friday, March 7, 2008 to confirm that my
clients will receive the amounts owed, along with the supporting documentation that will
be used to compute the commission amounts, or in the alternative, execute the enclosed
submission for arbitration form I have enclosed and return it to me.

The Contract between the parties requires that any dispute arising out of the
Contract be arbitrated. *See paragraph 7.* As you are likely aware, it does not state the
rules that will govern the dispute, nor the body that will be used to conduct the
arbitration. We recommend the American Arbitration Association and accordingly
request execution of the submission agreement if payment is refused.

Obviously, we could litigate this issue, but that would seem to be a senseless
waste of time and money. Assuming you are unwilling to pay, an arbitration will be
necessary and the locale will be determined based on a number of factors, the most

Mr. Etyan Moldovan
February 29, 2008,
Page 2

prevalent of which being the location of parties, witnesses, etc.... Given Allstate's, Cohen's and Lurie's contacts with Illinois – Chicago will be the prevailing locale.

If you wish to discuss any of these matters further please call me at your convenience.

Sincerely,

Robert D. Sweeney

RDS/jms

Enc.



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

### SUBMISSION TO DISPUTE RESOLUTION

The named parties hereby submit the following dispute for resolution, under the rules of the American Arbitration Association.

**To be completed and signed by all parties (attach additional sheets if necessary).**

Rules Selected: ☒ Commercial ☐ Construction ☐ Other (please specify) _____.

Procedure Selected: ☒ Binding Arbitration ☐ Mediation ☐ Other (please specify) _____.

**NATURE OF DISPUTE:**

Claimants has a contract with Respondent realtive to the procurement of clients/sales of Respondents merchandise. Claimants procured substantial business for Respondent, but Respondent has failed to provide Claimant in accord with the terms of the parties' contract.

| Dollar Amount of Claim $ 70,000.00 ⁺ (estimated, but subject to verification w/ sales data) | Other Relief Sought:   ☐ Attorneys Fees   ☐ Interest<br>☒ Arbitration Costs  ☐ Punitive/ Exemplary ☐ Other _____ |
|---|---|

**PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:**

Arbitrator should be familar with commission agreements between agents and principals, i.e. - real estate commission disputes

**PLEASE FILE TWO SIGNED COPIES ALONG WITH THE FILING FEE AS PROVIDED FOR IN THE RULES, TO THE AAA.**

Amount of filing fee enclosed with this submission (please refer to the fee schedule in the rules for the appropriate fee) _____.

| HEARING LOCALE REQUESTED: Chicago, IL | Estimated time needed for hearings overall:<br><br>_____ hours or ___2___ days |
|---|---|

We agree that, if arbitration is selected, we will abide by and perform any award rendered hereunder and that a judgment may be entered on the award.

| Name of Party<br>David Alyn Cohen and Derek C. Lurie | | | Name of Party<br>DocuDent USA | | |
|---|---|---|---|---|---|
| Address:<br>111 W. Washinton St.<br><br>Suite 1160 | | | Address:<br>9021 Melrose Ave.<br><br>Suite 308 | | |
| City:<br>Chicago | State<br>IL | Zip Code<br>60602 | City:<br>West Hollywood | State<br>CA | Zip Code<br>90069 |
| Phone No.<br>312-384-1255 | | Fax No.<br>312-384-0600 | Phone No. | | Fax No. |
| Email Address:<br>rsweeney@rds-law.net | | | Email Address: | | |
| Signature (required):             Date: | | | Signature (required):           Date: | | |
| Name of Representative:<br>Robert D. Sweeney | | | Name of Representative: | | |
| Name of Firm (if applicable)<br><br>RDS LAW | | | Name of Firm (if applicable) | | |
| Address (to be used in connection with this case)<br>See above. | | | Address (to be used in connection with this case) | | |
| City: | State | Zip Code | City: | State | Zip Code |
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| Email Address:<br>rsweeney@rds-law.net | | | Email Address: | | |

Please visit our website at www.adr.org if you would like to file this case online.
AAA Customer Service can be reached at 800-778-7879

C

# RYAN D. GOLDS

### A PROFESSIONAL LAW CORPORATION

Telephone: (818) 889-6886 or (805)241-6886                              Facsimile: (818) 889-6877

March 12, 2008

RDS LAW
Robert Sweeney, Esq.
111 W. Washington St.
Suite 1160
Chicago, Illinois 60602

### *Re: Docudent USA, Inc. & David Alyn Cohen & Derek C. Lurie*

Dear Mr. Sweeney –

This office represents Mr. Moldovan and Docudent USA, Inc. We are in receipt of your correspondence dated February 29, 2008, which was received on Monday March 3, 2008. My apologies for not meeting your Friday March 7, 2008 deadline to respond, but as you can see, you did not afford adequate time to do such by the time my client were to review your letter, contact counsel, discuss the issues and respond to your letter.

I am currently in the process of gathering all documents from my client relevant to your requests and assumptions of a valid contract between the parties. Upon a cursory review, we disagree with your statement that Chicago will be the prevailing locale for arbitration. Additionally, we do not believe a valid contract is in effect between the parties under California Law or the Uniform Commercial Code. As you are aware, California has jurisdiction over this matter as far as the governing law.

We will not be signing the attached form for numerous reasons of which the major reason is the locale you have selected. However, as a practical matter, and to avoid potential litigation, I am requesting your clients provide information to support their claim of $70,000.00 on the arbitration form. We are curious to know where your client is getting information.

At this point, in an act of good faith, with no admission of liability and upon receipt of a full release of contract and any and all claims known or not known, my client is willing to pay your client $5,000.00. Understand, under California Law, this is a settlement negotiation and cannot be used in any court of law or in any arbitration setting.

This offer will expire at 5:00 p.m., PST on Thursday March 20, 2008. Please feel free to contact my office with any questions or concerns. I am,

Very truly yours,

Ryan D. Golds, Esq.
Cc: Eytan Moldovan

Rdg:Avc





# RDS LAW

ATTORNEYS AT LAW

111 W. Washington St.    Suite 1160    Chicago, Illinois 60602
phone: 312.384.1255    fax: 312.384.0600    www.rds-law.net

Robert D. Sweeney
direct: 312.384.1255
rsweeney@rds-law.net

March 26, 2008

**Via Facsimile & Regular Mail**
Mr. Ryan D. Golds
Ryan D. Golds, P.C.
5210 Lewis Rd., Ste. 5
Agoura Hills, CA  91301

> *Re:    Contract between Docudent USA, Inc. and David Alyn Cohen & Derek C. Lurie*
> *File No.:    225-001*

Dear Mr. Golds:

I am in receipt of your correspondence dated March 12, 2008, regarding the above-captioned matter.  In connection therewith my clients reject DocuDent's offer.

While your letter indicates that you are attempting to gather the documents necessary to determine the nature of the claims we have raised, your challenge to enforceability leaves us little recourse.  If your client intends to challenge the Contract as to its enforceability, so be it – there is no sense delaying inevitable litigation.

In that vein, while I appreciate you and your clients' opinion regarding the appropriate venue for this litigation, the operative precedent dictates to the contrary.  As you must be aware, this dispute will center around events that took place predominantly in Northbrook, Bloomington, and Chicago, Illinois, vis-à-vis witnesses that live in and around those communities in Illinois.  There is also substantial documentation including meeting notes, presentations, phone records, correspondence and other evidence housed in Illinois that will both fortify our venue position, and substantiate the claims Messers. Lurie and Cohen are making.

Given the current circumstance, I invite you to **add** a locale of your choice to the AAA Consent to Arbitration form, or **strike** the Chicago, IL reference I have included, effectively leaving the "Hearing Locale Requested" box empty, execute the Consent and return it to my office.  While it appears we have a disagreement about the appropriate venue, there is no good-faith basis for refusing to consent to the forum - arbitration.  If we are forced to move forward on this point my clients will seek all remedies available.

Mr. Ryan D. Golds
March 26, 2008
Page 2

        Please respond to this letter by April 3, 2008, or call me if you would like to
discuss the same.

                                        Sincerely,

                                        Robert D. Sweeney

RDS/sr

# RDS LAW

ATTORNEYS AT LAW

111 W. Washington St.   Suite 1160   Chicago, Illinois 60602
phone: 312.384.1255      fax 312.384.0600      www.rds-law.net

# FACSIMILE TRANSMISSION

March 26, 2008

## Page 1 of 3
*(including coversheet)*

| TO: | Ryan D. Golds |
| --- | --- |
| | 818-889-6877 |
| FROM: | Robert D. Sweeney |

### *MESSAGE:*

*Re:  See attached.*

*The information contained in this communication is privileged and confidential, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or reproduction is strictly prohibited and may be unlawful.  If you have received this communication in error, please notify us immediately by calling 312.384.0500*

03/26/2008 14:17
27LE04180
TC:274875

| REMOTE STATION | START | TIME | Pages | RESULT | REMARKS |
|---|---|---|---|---|---|
| 18188896877' | 03-26 14:16 | 00:00 52 | 003/003 | OK | |

REMARKS  TMR:Timer, POL:Poll, TRN:Turn around, 2IN:2in1 Tx, ORG:Original size set, DPG:Book Tx
FME:Frame erase Tx, MIX:Mixed original, CALL:Manual-Com, KRDS:KRDS, FWD:FORWARD
FLP:Flip Side 2, SP:Special Original
FCODE:Fcode, MBX:Confidential, BUL:Bulletin, RLY:Relay, RTX:Re-Tx, PC:PC-FAX
S-OK:Stop communication, Busy:Busy, Cont.:Continue, No ans:No answer
M-full:Memory full, PW-OFF:Power switch OFF, TEL:Rx from TEL

# RDS LAW

ATTORNEYS AT LAW

111 W. Washington St   Suite 1160   Chicago, Illinois 60602
phone: 312.384.1255      fax 312.384.0600      www.rds-law.net

# FACSIMILE TRANSMISSION

### March 26, 2008

**Page 1 of 3**
**(including coversheet)**

| TO: | Ryan D. Golds |
|---|---|
| | 818-889-6877 |
| FROM: | Robert D. Sweeney |

### MESSAGE:

Re:  See attached.

The information contained in this communication is privileged and confidential, and is intended only for
the use of the addressee(s). Unauthorized use, disclosure or reproduction is strictly prohibited and may be
unlawful. If you have received this communication in error, please notify us immediately by calling
312.384.0500